# UNITED STATES DISTRICT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

CRISTINA CASTILLO
          Plaintiff,

    v.

TRANS UNION, LLC.,
EQUIFAX, INC., EXPERIAN
INFORMATION SOLUTIONS, INC.
and ELAN FINANCIAL


          Defendants.

Case No.

## **COMPLAINT**

NOW COMES Plaintiff, CRISTINA CASTILLO ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants TRANS UNION, LLC. ("TRANS UNION"), EQUIFAX, INC. ("EQUIFAX"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") and ELAN FINANCIAL ("ELAN"), (collectively referred to as "Defendants"):

### **Nature of the Action**

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2.      Plaintiff is a natural person at all times relevant residing in Hidalgo County, in the City of McAllen, in the State of Texas.

3.      At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.      Defendant ELAN is a nationally chartered bank doing business in the State of Texas, with its principal place of business located in Irving, Texas.

5.      Defendant ELAN is a "person" as defined by 47 U.S.C. §153 (39).

6.      Defendant TRANS UNION is a corporation conducting business in the State of Texas and is headquartered in Chicago, Illinois.

7.      Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

8.      Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9.      Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

10.     Defendant TRANS UNION is a "consumer reporting agency"

("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

11.    Defendant EQUIFAX is a corporation conducting business in the State of Texas and is headquartered in Atlanta, Georgia.

12.    Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

13.    Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

14.    Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

15.    Defendant EQUIFAX is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

16.    Defendant EXPERIAN is a corporation conducting business in the State of Texas and is headquartered in Costa Mesa, California.

17.    Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

18.    Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

19.    Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

20.    Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

21.    At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

22.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

23.    Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

24.    Plaintiff is a consumer who is the victim of inaccurate reporting by ELAN, TRANS UNION, EQUIFAX, and EXPERIAN and has suffered particularized and concrete harm in the form of loss of credit, defamation, and loss of reputation.

25.    CRAs, including TRANS UNION, EQUIFAX and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

26.    On or about November 16, 2018, Plaintiff and ELAN settled an account ending in 2859 ("Account") for seven hundred sixty-eight dollars and forty-eight cents ($768.48)

27.    Plaintiff made consecutive payments pursuant to the agreement totaling seven hundred sixty-eight dollars and forty-eight cents ($768.48) with a final payment of $82.60 on August 21, 2019, and thereby satisfied the settlement terms.

## Facts Relevant to TRANS UNION

28.    On May 28, 2024, Plaintiff received a copy of her credit report from TRANS UNION.

29.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant ELAN reported inaccurate information regarding the Account to the CRAs, including TRANS UNION.

30.    Specifically, TRANS UNION reported the Account as "Charged Off." This status is inaccurate because both Plaintiff and ELAN agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

31.    Further, TRANS UNION and ELAN failed to report the payments Plaintiff made under the terms of the agreement.

32.    Additionally, TRANS UNION reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $768.00.

33.    TRANS UNION's failure to report the Account accurately and failure to report the agreement between Plaintiff and ELAN and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

34.    On June 12, 2024, Plaintiff issued a dispute to TRANS UNION regarding the inaccurate information being reported on the Account.

35.    Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

36.    Further, Plaintiff included proof of the settlement and payments to ELAN with her dispute letter.

37.    Her dispute was received on or about June 17, 2024.

38.    However, despite having received the letter and accompanying proof of payments, TRANS UNION continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $768.00.

39.    This status is inaccurate and, at the least, misleading as ELAN has received all payments pursuant to the settlement agreement and could not consider the status as being "Charge[d] Off."

Facts Relevant to EQUIFAX

40.    On May 28, 2024, Plaintiff received a copy of her credit report from EQUIFAX.

41.    To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant ELAN reported inaccurate information regarding the Account to the CRAs, including EQUIFAX.

42.    Specifically, EQUIFAX reported the Account as "Charged Off." This status was inaccurate because both Plaintiff and ELAN agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

43.    Further, EQUIFAX and ELAN failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EQUIFAX reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $768.00.

44.    EQUIFAX's failure to report the Account accurately and failure to report the agreement between Plaintiff and ELAN and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

45.    On June 12, 2024, Plaintiff issued a dispute to EQUIFAX regarding the inaccurate information being reported on the Account.

46.    Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

47.    Further, Plaintiff included proof of the settlement and payments to ELAN with her dispute letter.

48.    Her dispute was received on or about June 17, 2024.

49.     However, despite having received the letter and accompanying proof of payments, EQUIFAX continued to report the Account as having a current status of "Charge Off" <u>and</u> having an outstanding balance of $768.00.

50.     As described above, this current status of "Charge Off" is inaccurate or, at the least, misleading and does not accurately reflect the status of the Account since Plaintiff satisfied the terms of the settlement agreement.

Facts Relevant to EXPERIAN

51.     On May 28, 2024, Plaintiff received a copy of her hecredit report from EXPERIAN.

52.     To her surprise, despite Plaintiff's performance under the terms of the agreement, Defendant ELAN reported inaccurate information regarding the Account to the CRAs, including EXPERIAN.

53.     Specifically, EXPERIAN reported the Account as "Charged Off." This status is inaccurate because both Plaintiff and ELAN agreed to a payment plan to satisfy the outstanding debt and Plaintiff met every obligation under the agreement.

54.     Further, EXPERIAN and ELAN failed to report the payments Plaintiff made under the terms of the agreement. Specifically, EXPERIAN reported the Account with an inaccurate status of "Charged Off" and with a balance being owed of $768.00.

55.    EXPERIAN's failure to report the Account accurately and failure to report the agreement between Plaintiff and ELAN and failure to report the payments Plaintiff made during the course of the agreement harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

56.    On June 12, 2024, Plaintiff issued a dispute to EXPERIAN regarding the inaccurate information being reported on the Account.

57.    Specifically, Plaintiff disputed the inaccurate entry in her credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

58.    Further, Plaintiff included proof of the settlement and payments to ELAN with her dispute letter.

59.    Her dispute was received on or about June 17, 2024.

60.    However, despite having received the letter and accompanying proof of payments, EXPERIAN continued to report the Account as having a current status of "Charge Off" and having an outstanding balance of $768.00.

61.    As of September 10, 2024, TRANS UNION, EQUIFAX and EXPERIAN continue to report the Account inaccurately, reporting a pay status of "Charge Off" with a balance owed of $768.00.

62.    The aforementioned information reported by TRANS UNION, EQUIFAX and EXPERIAN regarding the Account with ELAN is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and ELAN

63.    Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANS UNION, EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

64.    If TRANS UNION, EQUIFAX and EXPERIAN would have complied with their statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

65.    As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

66.    Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

## COUNT I – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

67.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

68.     After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69.     TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

70.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71.     TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72.     In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73.     Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

74.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

75.     After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

76.     Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78.     TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79.     In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## **COUNT III – EQUIFAX**
## **Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

81.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

82.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

83.     EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

84.     As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86.    In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

87.    Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

88.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

89.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

90.    Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

91.    As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

92.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

93.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

94.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

95.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

96.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

97.    EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

98.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

99.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

100.    In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

101.    Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

102.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

103.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

104.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

105.    As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

106.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

107.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

108.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VII– ELAN FINANCIAL**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)**

109.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-67.

110.   After receiving Plaintiff's dispute, ELAN failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

111.   ELAN violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of ELAN's representations to the CRAs.

112.   As a result of this conduct, action, and inaction of ELAN, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

113.   ELAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

114.   In the alternative, ELAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

115.    Plaintiff is entitled to recover costs and attorneys' fees from ELAN pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: January 14, 2025

By: *Jeffrey Lohman*
Jeffrey Lohman, Bar #032315
**The Law Offices of Jeffrey Lohman, PLLC**
2325 Camelback Road, Suite 400
Phoenix, AZ  85016
T: (602) 461-7404
E: JeffL@jlohman.com

Attorneys for Plaintiff,
CRISTINA CASTILLO